IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:04CR226-C

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | <u>O R D E R</u> |
| ) | |
| JOHNNIE MACK, JR., ) | |
| ) | |
| Defendant. ) | |

_____

**THIS MATTER** is before the Court on the Defendant's "Motion To Sever And Memorandum Of Law" (document #14) filed July 5, 2005. The "Government's Response To Defendant's Motion To Sever" (document #17) was filed July 8, 2005, and this Motion has been referred to the undersigned for resolution.

The Defendant objects to joinder of Counts One, Two, and Three, which arose following execution of a search warrant at his residence in Wadesboro, North Carolina, on February 7, 2003; and Counts Four, Five, and Six, which arose from a traffic stop, also in Wadesboro, approximately six months later (on August 5, 2003). The Defendant's argument is without merit and his Motion must therefore be denied.

As the Government correctly notes in its Response, the three violations charged in February and the three charged in August are essentially the same, albeit arising out of two different law enforcement initiatives, that is, on each occasion the Defendant was charged with possession of drugs with intent to distribute them

in violation of 21 U.S.C. § 841; use, carrying or possession of a firearm in connection with the drug offense in violation of 18 U.S.C. § 924(c); and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g).  Furthermore, both events (execution of the search warrant and the vehicle stop) occurred in Wadesboro, North Carolina within a relatively brief (six-month) period, and indeed, far from being "[un]related in any way" as the Defendant argues, each set of charges is so similar that they would be admissible evidence under Rule 404(b) even if *not* charged in the same indictment.

Fed. R. Crim. P. 8(a) permits joinder of separate offenses where "the offenses charged ... are of the same or similar character **or** are based ... on two or more acts or transactions connected together or constituting parts of a common scheme or plan" (emphasis added).  Thus, even assuming <u>arguendo</u> that the Defendant is correct that there is no relation between his identical criminal conduct six months apart in the same town, it is clear that "the offenses charged ... are of the same or similar character," and therefore are properly joined under the plain and ordinary meaning of the disjunctive clause in Rule 8.

As the Government also correctly states, in the Fourth Circuit, joinder is the rule rather than the exception--and, in fact, the Fourth Circuit has routinely approved joinder of counts bearing far less similarity than the two sets of offenses charged

in a single indictment in this case. Accord United States v. Jones, 356 F.3d 529, 535 (4th Cir.)(approving joinder for trial of what were allegedly three unrelated conspiracies), cert. denied, 124 S. Ct. 1964 (2004); United States v. Acker, 52 F.3d 509, 514 (4th Cir. 1995)(approving joinder for trial of four bank robberies committed over a nine month period); United States v. Rhodes, 32 F.3d 867, 870-72 (4th Cir. 1994)(approving joinder for trial of several drug counts and a felon in possession of a firearm charge); and United States v. Silva, 745 F.2d 840, 843-44 (4th Cir. 1984). But cf. United States v. Mackins, 315 F.3d 399, 412-15 (4th Cir.)(joinder of counterfeit check scheme with factually unrelated drug and money laundering charges held improper, although harmless error in this case), cert. denied, 538 U.S. 1045 (2003).

Although the defendant is certainly correct that the Court has the authority, under Rule 14, to sever counts where "joinder ... appears to prejudice a defendant or the government," the Court holds broad discretion in deciding when to sever counts or defendants. See Zafiro v. United States, 506 U.S. 534, 538-39 (1993); United States v. Akinkoye, 185 F.3d 192, 197 (4th Cir. 1999); Acker, 52 F.3d at 513-14; and Rhodes, 32 F.3d at 872. And in exercising that broad discretion, the Court properly considers "the inconvenience and expense" of separate trials, United States v. Larouche, 896 F.2d 815, 831 (4th Cir. 1990),generally preferring jury instructions to severance. On the latter point (jury

3

instruction favored over severance to cure any potential prejudice), see, e.g., Mackins, 315 F.3d at 415; United States v. Najjar, 300 F.3d 466, 475 (4th Cir. 2002); United States v. Johnson, 219 F.3d 349, 357 (4th Cir. 2000); United States v. Cole, 857 F.2d 971, 974 (4th Cir. 1988); and United States v. Porter, 821 F.2d 968, 972 (4th Cir. 1987).

**NOW THEREFORE, FOR THE FOREGOING REASONS,** the Defendant's "Motion to Sever" (document #14) is **DENIED**.

The Clerk is directed to send copies of this Order to defense counsel (Roderick M. Wright, Jr.); AUSA Richard S. Glaser, Jr.; and to the Honorable Robert J. Conrad, Jr..

**SO ORDERED.**

**Signed: July 12, 2005**

*Carl Horn, III*

Carl Horn, III
United States Magistrate Judge

5