IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:04cr226

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>vs. )<br>)<br>JOHNNY MACK, JR. )<br>_____ ) | ORDER |

**THIS MATTER** is before the Court upon motion of the defendant for a reduction of sentence based on retroactive amendments to the United States Sentencing Guidelines relating to crack cocaine offenses (Doc. No. 57: Motion; Doc. No. 58: Amended Motion),[1] the government's response (Doc. No. 64), and the defendant's reply (Doc. No. 65).

The defendant pled guilty to possessing at least 4 but fewer than 5 grams of cocaine base with intent to distribute, possessing a firearm during and in relation to that drug trafficking crime, and possessing a firearm as a felon. (Doc. No. 34: Judgment at 1; Doc. No. 29: Amended Plea Agreement at 1-2). At the sentencing hearing, the Court found that the Presentence Report (PSR) accurately calculated the offense level using a drug quantity of 46.1 grams. (Doc. No. 46: Sentencing Tr. at 12). The resulting offense level of 30 was reduced by 3 for accepting responsibility. (Doc. No. 51: PSR at ¶¶ 31, 33, 34). Combined with a criminal history category of V, the resulting advisory guideline range was 120-150 months on Counts One and Three, with a consecutive 60-month sentence on Count Two. (Doc. No. 46: Sentencing Tr. at 12).

---

[1] The motion was amended only to change the name of the Assistant United States Attorney in the certificate of service. (Doc. No. 58: Amended Motion at 1).

The Court varied from the advisory guideline range to give effect to the parties' plea agreement and to avoid unfairness to the defendant who had difficulty cooperating with law enforcement based on his original attorney's conflict of interest. (Id. at 19-20). Accordingly, the Court found that the offense level of the stipulated drug quantity, 24, with a range of 70-87 months' imprisonment[2] would meet the purposes of sentencing in 18 U.S.C. § 3553(a). The Court imposed a sentence of 77 months on Counts One and Three, followed by sixty months on Count Two.[3] (Id.).

The defendant moves to reduce his sentence based on retroactive amendments to the guidelines relating to crack cocaine offenses. (Doc. No. 91). As amended, USSG §1B1.10(b)(1) directs courts to determine the guideline range as if the amendments had been in place at the time of sentencing. However, when the defendant has received a non-guideline sentence, the amendment provides that "a further reduction generally would not be appropriate." USSG §1B1.10(b)(2)(B) (2008).

At the defendant's original sentencing, the Court used the guideline range applicable to the stipulated drug quantity to guide the Court's discretion in selecting a variance sentence. Using that same approach under the amended guidelines yields offense level of 20 for possessing at least 4 but fewer than 5 grams of cocaine base. USSG Supp. to Appx. C., Amend. 706 (2007). The offense level for the § 922(g) offense has not been amended and remains a 24. (Doc. No. 51: PSR at ¶¶ 23, 23, 25). By operation of the grouping rules, the firearm offense level now controls.

---

[2] This range assumes a 3-level reduction for acceptance of responsibility and criminal history category V.

[3] The Fourth Circuit affirmed the sentence on appeal. (Doc. No. 52: Opinion).

USSG §3D1.3.  When reduced by 3 for acceptance of responsibility, the total offense level is 21, the same used as a measure for the variance sentence originally imposed.  The Court finds that a sentence of 77 months, which is within the range for offense level 21 and criminal history category V, remains sufficient, but not greater than necessary, to achieve the goals of sentencing.  Accordingly, the Court finds that a reduction of the sentence originally imposed is not appropriate.

**IT IS, THEREFORE, ORDERED** that the defendant's motion (Doc. No. 57: Motion; Doc. No. 58: Amended Motion) is **DENIED**.

The Clerk is directed to certify copies of this Order to the defendant, counsel for the defendant, the Community Defender, the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: October 13, 2009

Robert J. Conrad, Jr.
Chief United States District Judge