IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:04cr226

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| | ) | |
| JOHNNY MACK, JR. | ) | |
| | ) | |

**THIS MATTER** is before the Court upon remand from the United States Court of Appeals for the Fourth Circuit (Doc. No. 71: Order and Judgment) for further proceedings relating to the defendant's motion for a reduction of sentence based on retroactive amendments to the United States Sentencing Guidelines for crack cocaine offenses (Doc. No. 57: Motion; Doc. No. 58: Amended Motion).[1]

The appellate court found that the amended Guidelines range for the defendant's drug offense is 100 to 125 months; thus, the defendant is eligible for a sentence reduction. (Doc. No. 71: Order at 3). However, as that court recognized, the original sentence of 77 months' imprisonment on Count One was not based on the advisory guideline range, but rather constituted a variance. (Doc. No. 46: Sentencing Tr. at 19-20). When a defendant has received a non-guideline sentence, the amendment provides that "a further reduction generally would not be appropriate." USSG §1B1.10(b)(2)(B) (2008).

Here, the Court recognizes its discretion to reduce the defendant's sentence, but declines to exercise it. The Court previously found that the Presentence Report accurately determined the drug quantity to be in excess of 40 grams of crack cocaine. (Doc. No. 46: Sentencing Tr. at 12).

---

[1] The motion was amended only to change the name of the Assistant United States Attorney in the certificate of service. (Doc. No. 58: Amended Motion at 1).

However, the Court varied from the Guidelines range, in part, to give effect to the parties' stipulation of fewer than 5 grams, which eliminated the mandatory minimum punishment and cut the maximum in half. (Id. at 19-20; Doc. No. 29: Plea Agreement at 2).

The Court has considered the factors set forth in 18 U.S.C. § 3553(a) and the nature and seriousness of the danger to the community that would be posed by a reduction in the defendant's sentence and finds that a reduction is not warranted. USSG §1B1.10 comment. (n.1(B)). The defendant's original sentence was based on a fraction of the true offense conduct, which included the simultaneous possession of numerous firearms on separate occasions. (Doc. No. 51: Presentence Report (PSR) at 4). The defendant was previously convicted of several felony drug offenses. (Id. at 7-10). Thus, the Court finds that a sentence of 77 months on Count One remains sufficient, but not greater than necessary, to achieve the goals of sentencing and that a reduction of that sentence is not appropriate.

**IT IS, THEREFORE, ORDERED** that the defendant's motion (Doc. No. 57: Motion; Doc. No. 58: Amended Motion) is **DENIED**.

The Clerk is directed to certify copies of this Order to the defendant, counsel for the defendant, the Community Defender, the United States Attorney, the United States Marshals Service, the United States Probation Office, and the Clerk of the United States Court of Appeals for the Fourth Circuit.

Signed: August 15, 2011

Robert J. Conrad, Jr.
Chief United States District Judge